1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    STEVEN A. MARTIN,

10              Plaintiff,                    No. CIV S-04-0756 LKK JFM P

11        vs.

12   L. VILES, et al.,

13              Defendants.              <u>ORDER</u>

14   _____/

15              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  On November 7, 2005 defendants filed a motion for summary judgment.  On

17   December 6, 2005, plaintiff filed a motion pursuant to Fed. R. Civ. 56(f) to defer consideration

18   of defendants' motion for summary judgment pending resolution of a discovery dispute.

19   Plaintiff's motion to compel setting forth the dispute was filed the next day.[1]  Rule 56(f)

20   provides, in relevant part, that the court may order a continuance on a motion for summary

21   judgment to permit affidavits to be obtained or depositions to be taken or discovery when a party

22   "cannot for reasons stated present by affidavit facts essential to justify the party's opposition. . . ."

23   _____

24        [1] Plaintiff filed his motion to compel on December 7, 2005, well after the final extended
     discovery deadline of September 12, 2005.  (<u>See</u> Order filed September 22, 2005, holding that
25   discovery documents delivered on September 12, 2005 would be considered timely.)  Because
     there is no dispute regarding the relevance of the documents requested in plaintiff's instant
26   motion to compel, the court will consider the motion.  However, plaintiff is cautioned that failure
     to comply with future deadlines could result in adverse consequences, including sanctions.

Fed. R. Civ. P. 56(f).  For the reasons set forth, infra, it is apparent that plaintiff seeks documents

relevant to the disposition of this case, and that plaintiff does not currently have these documents.

Good cause appearing, plaintiff's Rule 56(f) motion will be granted.

By his motion to compel, plaintiff seeks documents responsive to requests 5 and 6

of his May 23, 2005 request for production of documents.  By request 5, plaintiff requested:

> Copies of any and all internal documents, memos, notes, records, files, recording,
> investigations reports, true identities and names of all departmental employees
> who participated in or authorized plaintiff Steve A. Martin D-48283 November
> 12, 2002, through November 27, 2002 administrative segregation placement for
> alleged threatening of staff, but not limited to segregation order, review of
> segregation order, hearing on segregated housing order, orders that on camera
> interview investigation be conducted as to plaintiff's allegations of being
> assaulted by defendants D. B. Gauthreaux, release from administrative segregation
> and retention in Administrative segregation.

(See Plaintiff's Request for Production of Documents, attached as Exhibit A to Plaintiff's

Declaration in support of his Rule 56(f) motion, filed December 6, 2005, request no. 5.)

Defendants objected to this request on the grounds that documents related to plaintiff's

placement in and release from administrative segregation are in his prison file and accessible to

plaintiff through institutional procedures.  Plaintiff offers no good explanation for his failure to

complete an administrative review of his file, nor does his dispute defendants' contention.  Given

the decision to grant plaintiff's Rule 56(f) request, however, there will be additional time

available to plaintiff before any opposition to a renewed summary judgment motion is due.  Good

cause appearing, the court will direct the parties to cooperate in arranging for plaintiff to review

his central file and to copy, as appropriate, documents in his central file that are relevant to the

claims at bar.  Said central file review shall be conducted so that it is completed within thirty

days from the date of this order.

By request 6, plaintiff seeks:

> Copies of any an all internal documents, memos, notes, records, files, recordings,
> investigation reports, true identities and names of all departmental employees who
> participated in or authorized on camera interview investigation between
> November 27, 2002 through December 7, 2002 regarding plaintiff's allegations of
> being assaulted by defendant D. B. Gauthreaux on November 21, 2002, at

1    California State Prison, "New Folsom" C-Facility, but not limited to all inmate
     witnesses.
2    (See Ex. A to Plaintiff's Declaration, request no. 6.)

3          On August 10, 2005, defendants asked plaintiff to sign a stipulated protective

4    order as a pre-requisite to disclosure of the confidential documents.[2]  The proposed protective

5    order provided for redaction of personal information and prohibited plaintiff from disclosing or

6    copying any of the documents.  On August 23, 2005, plaintiff declined to sign the protective

7    order unless it was amended to include an order transferring plaintiff to single cell status because

8    he did not want to assume responsibility for another inmate copying or disclosing the confidential

9    documents.  In response to plaintiff's concerns, on October 17, 2005, defendants offered to

10   produce the confidential documents for plaintiff's inspection, without giving him copies thereof,

11   and to allow plaintiff sufficient time in which to review them.  On October 31, 2005, plaintiff

12   rejected defendants offer and stated again that he wanted to be moved to single cell status and

13   receive copies of the confidential documents.  Plaintiff subsequently filed the instant motion to

14   compel.

15         Defendants do not oppose disclosure of the confidential documents under

16   protective order.  On December 22, 2005 defendants requested the court to order that the

17   confidential documents be filed under seal.[3]  After carefully reviewing the August 10, 2005

18   protective order and the positions of the parties, the court will order defendants to file the

19

20         [2]  A complete copy of the proposed protective order is attached as Exhibit B to Plaintiff's
     Motion to Compel.

21

22         [3]  Plaintiff contends that he does not want to sign the protective order unless he is
     guaranteed single cell status.  Inmates do not have a constitutional right to any particular
23   classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d
     1316, 1318 (9th Cir. 1987).  Defendants will not be required to grant plaintiff single cell status in
24   connection with resolution of this discovery dispute.  Furthermore, any disclosure of the
     confidential documents responsive to request 6 will be subject to the protective order issued
25   herein.  If plaintiff does not feel that he can maintain the confidentiality of the documents as per
     the provisions of the order, he may review the documents and take notes.  If plaintiff does feel
26   that he can maintain the confidentiality of the documents, he may receive copies of the
     documents, subject to the provisions of the protective order.

1  documents under seal.  The court will also order defendants to make the documents available to

2  plaintiff for his review or, at plaintiff's request, to provide him with a copy of the documents.  In

3  either circumstance, the documents, all copies thereof, and any notes taken in connection

4  therewith, will be subject to the protective order entered herein.[4]

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1. Plaintiff's December 6, 2005 motion pursuant to Fed. R. Civ. P. 56(f) for

7  continuance of defendants' motion summary judgment is granted.

8          2. Plaintiff's December 7, 2005 motion to compel is granted in part, as follows:

9          a. Within thirty days from the date of this order, the parties shall arrange

10  for plaintiff to review his central file and, as appropriate, obtain copies of documents relevant to

11  the claims at bar.  Said review and copying shall be conducted so that it is completed within the

12  same thirty day period.

13          b. Within five days of the date of this order, defendants shall file the

14  confidential documents responsive to request 6 of plaintiff's May 23, 2005 request for production

15  of documents under seal with the court.  Said documents shall be maintained under seal until

16  further order of court and shall be subject to the protective order set forth in paragraph 3 of this

17  order.

18          c.  Plaintiff is granted a period of thirty days from the date of this order in

19  which to either review the confidential documents and take notes thereon, or to request from

20  defendants copies of said documents.  In either case, the documents and the information

21  contained therein will be subject to protective order set forth in paragraph 3 of this order.

22          3.  The documents filed under seal pursuant to paragraph 2(b) of this order contain

23  confidential statements made by Correctional Officers Matthews, Walker, and Griffith during the

24  

25        [4]  Because the confidential documents will be filed under seal with the court, the parties
may refer in subsequent filings to the confidential documents without filing an additional copy of

26  any such document.

4

1  course of an investigation by the Investigative Services Unit at California State Prison-

2  Sacramento.  Those documents shall be disclosed to plaintiff subject to the following conditions:

3              a.  Personal information, e.g., social security numbers, birth dates, badge

4  numbers, etc., shall be redacted from the confidential material;

5              b.  Until further order of court, the documents and material contained

6  therein may be disclosed only to the following persons:

7              (i)  Plaintiff Steven Anthony Martin (D-48283) and defendants

8  Ramos, McKee, Lea, Gauthereaux, Johnson, Mathews, Chastain, Wheeler, Cade and Mini, and

9  their attorneys;

10              (ii)  Court personnel and stenographic reporters engaged in such

11  proceedings as are incidental to the preparation for the trial of this action;

12              (iii)  Witnesses to whom the confidential material may be disclosed

13  during or in preparation for a deposition taken in this matter or otherwise during the preparation

14  for trial and trial, provided that the witness may not leave any deposition with copies of any of

15  the confidential material, and shall be informed and agree to be bound by the terms of this order;

16  and

17              (iv)  Plaintiff's counsel, if and when plaintiff retains counsel to

18  represent him in this action.

19              c.  Plaintiff may, at his request and in accordance with the provisions of

20  this order, receive a copy of the confidential material from defendants but plaintiff shall make no

21  copies of the confidential material so received;

22              d.  All parties shall return all confidential material to the attorney for

23  defendants Ramos, McKee, Lea, Gauthereaux, Johnson, Mathews, Chastain, Wheeler, Cade and

24  Mini, within five days of the time it is no longer needed for purposes of this litigation;

25              e.  No confidential material obtained by plaintiff or any other party

26  pursuant to this protective order shall be disclosed except as is necessary in connection with this

1   or related litigation, including appeals, and not for any other purpose, including any other

2   litigation;

3           f.  Nothing in this protective order is intended to prevent officials or

4   employees of the State of California, or other authorized government officials, from having

5   access to confidential material to which they would have access in the normal course of their

6   officials duties;

7           g.  The provisions of this protective order are without prejudice to the right

8   of any party to apply to the court for an order removing the confidential material designation

9   from any documents.

10          h.  The provisions of this protective order shall remain in full force and

11  effect until further order of court.

12          4. Defendants' November 7, 2005 motion for summary judgement is denied

13  without prejudice; and,

14          5.  Within sixty days from the date of this order defendants may renew their

15  motion for summary judgment.  Any such renewed motion shall be briefed in accordance with

16  the provisions of Local Rule 78-230(m) and this court's order filed December 15, 2004.

17  DATED: August 16, 2006.

18

19                          UNITED STATES MAGISTRATE JUDGE

20

21  17/12;mart0756.mtc

22

23

24

25

26