IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

        Plaintiff,                    No. 2:04-cv-0756 LKK JFM (PC)

   vs.

L. VILES, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's first amended complaint, filed August 30, 2004. On February 13, 2009, plaintiff filed a motion styled as a motion for summary judgment. On March 11, 2009, plaintiff filed a motion for default judgment against all ten defendants in this action. Although the first motion is styled as a motion for summary judgment, both motions are predicated on plaintiff's contention that defendants failed to respond to claims in the first amended complaint alleging violations of plaintiff's rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and, therefore, that he is entitled to default judgment on those claims. Defendants oppose both motions.

/////

1

1         The time for filing dispositive motions in this action expired, at the latest, sixty
2 days after this court's August 17, 2006 order extending the time for defendants to renew their
3 previously filed motion for summary judgment. See Order filed August 17, 2006, at 6; see also
4 Revised Scheduling Order, filed March 27, 2008, at 5. Plaintiff's motions are untimely and for
5 that reason alone should be denied.

6         In addition, default judgment is available, if at all, only when a party fails to
7 "plead or otherwise defend" in an action seeking "a judgment for affirmative relief" against that
8 party. Fed. R. Civ. P. 55(a). All ten defendants named in plaintiff's first amended complaint
9 were served with process and timely answered the amended complaint on March 25, 2005.
10 Plaintiff is not entitled to default judgment in this action.

11         The gravamen of the contention raised by both of the motions at bar is whether
12 certain due process and equal protection claims allegedly contained in plaintiff's amended
13 complaint are at issue for trial. On March 25, 2008, summary judgment was entered for
14 defendants on all of plaintiff's claims except three: that defendant Gauthreaux retaliated against
15 plaintiff by writing a rules violation report on November 21, 2002, that defendant Matthews
16 retaliated against plaintiff by writing a supplemental report in support of defendant Gauthreaux's
17 November 21, 2002 rules violation report, and that defendant Johnson retaliated against plaintiff
18 by ordering him placed in administrative segregation on December 19, 2002. Order filed March
19 25, 2008, at 3. In the amended complaint, plaintiff alleges that several acts of retaliation led to
20 violations of other constitutional protections, including the right to due process and equal
21 protection. See Amended Complaint at 7-8. None of the claims that remain for trial contain
22 such allegations. See id. at 5-10.[1]

---

[1] Plaintiff's claim against defendant Johnson includes an allegation that his actions violated plaintiff's right to file an inmate grievance "without hindrance or fear of retaliation, associational rights, rights to free speech, and Fourteenth Amendment Due Process rights under the equal protection clause, subjecting plaintiff to the chilling effects of irreparable harm." Id. at 10. That allegation is too vague to state a cognizable claim under either the due process clause or the equal protection clause that is separate from the retaliation claim against defendant Johnson

2

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's February 13, 2009 and March 11, 2009 motions be denied.

DATED: April 29, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
mart0756.msj

---

that remains for trial.

3