1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9
STEVEN A. MARTIN,
10
                                   NO. CIV. S-04-756 LKK/JFM P
11          Plaintiffs,

12      v.
                                        O R D E R
13  L. VILES, et al.,

14          Defendants.
_____/
15

16      Plaintiff, a state prisoner proceeding pro se and in forma

17  pauperis, brought claims arising under 42 U.S.C. § 1983.   In

18  September of 2009, a jury trial was held on plaintiff's claims that

19  defendants retaliated against him.   The jury found for defendants

20  on all claims.   Plaintiff subsequently filed three motions before

21  this court: a motion for a new trial, a motion for relief from the

22  verdict, and a motion seeking copies of trial transcripts at

23  government expense.   Plaintiff has also filed an appeal to the

24  Ninth Circuit.   The court resolves these motions on the papers.

25  For the reasons stated below, the motion for court provided

26  transcripts is granted, and the remaining motions are denied.

                                 1

# I. JURISDICTION

Plaintiff has filed an appeal to the Ninth Circuit. <u>See</u> Doc. No. 181 (Notice of Appeal).  Ordinarily, when a party files both a notice of appeal and motions under Fed. R. Civ. P. 59(a) and/or 60(b), the timing of the filings determines their treatment.  If the notice of appeal is filed first, the district court is ordinarily divested of jurisdiction to hear motions of these types. <u>See</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 654 (9th Cir. 1991), <u>Smith v. Lujan</u>, 588 F.2d 1304, 1307 (9th Cir. 1979).  If the notice of appeal is instead filed after a motion for new trial, the notice of appeal is held in abeyance while the district court resolves the motion.  Fed. R. App. P. 4(a)(4)(B)(i).

In this case, plaintiff filed the notice of appeal concurrently with the motions directed to this court.  The notice of appeal was docketed minutes before the instant motions.  Because plaintiff filed his documents by mail, this sequence reflects the vagaries of the Clerk of the Court's processing of the mail, and not any act of the plaintiff.  In recognition of plaintiff's pro se status, and in the interests of judicial economy, the court construes the notice of appeal as the later-filed document.  Thus, the court has jurisdiction over these motions.[1]

---

[1] Even if the court were bound to treat the notice of appeal as filed first, such that the court lacked jurisdiction over plaintiff's Rule 59(a) and 60(b) motions, discussion of the merits of these motions would still be proper.  A party seeking Fed. R. Civ. P. 60(b) relief from the district court while an appeal is pending may "ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the court of appeals], if appropriate, for remand of the case." <u>Williams v. Woodford</u>, 384

1  The notice of appeal does not limit the court's jurisdiction
2  over plaintiff's request for court-provided transcripts.

3  ## II. MOTION FOR A NEW TRIAL

4  Plaintiff filed a motion "to set aside the jury verdict and
5  order a new trial." Although plaintiff cites Fed. R. Civ. P. 59(a)
6  and (e), plaintiff's arguments do not implicate section (e).

7  Federal Rule of Civil Procedure 59(a) states, "A new trial may
8  be granted . . . in an action in which there has been a trial by
9  jury, for any of the reasons for which new trials have heretofore
10 been granted in actions at law in the courts of the United States."
11 Fed. R. Civ. P. 59(a)(1). As is apparent from the text of the
12 Rule, it does not specify the grounds on which a motion for a new
13 trial may be granted. See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d
14 1020, 1035 (9th Cir. 2003). Instead, the court is "bound by those
15 grounds that have been historically recognized." Id.
16 "Historically recognized grounds include, but are not limited to,
17 claims 'that the verdict is against the weight of the evidence,
18 that the damages are excessive, or that, for other reasons, the

19 _____

20 F.3d 567, 586 (9th Cir. 2002). The same procedure appears
21 appropriate for Rule 59(a) motions. Because plaintiff is
   proceeding pro se, if the court lacked jurisdiction over these
22 motions, the court would construe plaintiff's filings as requests
   for such evaluations. The Ninth Circuit has held that, in the
23 course of such review, the court lacks the power to actually grant
   or deny the motion. Id. (citing Carriger v. Lewis, 971 F.2d 329,
24 332 (9th Cir. 1992) (en banc)). Nonetheless, the court must
   evaluate the merits to determine whether it wishes to grant the
25 motion. Here, where the court concludes that plaintiff's Rule
   59(a) and 60(b) motions are without merit, the court indicates that
26 if it lacks jurisdiction to deny the motions, it would not be
   inclined to entertain them.

3

1   trial was not fair to the party moving.'" <u>Molski v. M.J. Cable,</u>

2   <u>Inc.,</u> 481 F.3d 724, 728 (9th Cir. 2007) (quoting <u>Montgomery Ward</u>

3   <u>& Co. v. Duncan</u>, 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147

4   (1940)).

5       Here, plaintiff argues that the court erred in granting

6   defendants' motions in limine to exclude certain of plaintiff's

7   witnesses and exhibits.  Plaintiff argues that these rulings

8   prevented plaintiff from introducing evidence of California

9   Department of Corrections and Rehabilitations policies, and thereby

10  prevented plaintiff from rebutting defendants' testimony that they

11  acted in compliance with these policies.  Although this line of

12  argument may be valid in the abstract, it is not supported by the

13  facts in this case.  In particular, while plaintiff objects to the

14  exclusion of witness Cheryl Pliler, plaintiff stipulated to this

15  exclusion after defendants stipulated the fact that plaintiff filed

16  a 602 that did not reach Pliler.

17              **III. MOTION FOR RELIEF FROM JUDGMENT**

18      Plaintiff makes the same arguments in a separately filed

19  motion seeking relief under Fed. R. Civ. P. 60(b).  This rule

20  provides that a court

21              may relieve a party or its legal
            representative from a final judgment, order,
22              or proceeding for the following reasons:

23              (1) mistake, inadvertence, surprise, or
            excusable neglect;
24
            (2) newly discovered evidence that, with
25              reasonable diligence, could not have been
            discovered in time to move for a new trial
26              under Rule 59(b);

                               4

1                    (3) fraud (whether previously called intrinsic
2                    or extrinsic), misrepresentation, or
                    misconduct by an opposing party;

3                    (4) the judgment is void;

4                    (5) the judgment has been satisfied, released,
5                    or discharged; it is based on an earlier
                    judgment that has been reversed or vacated; or
6                    applying it prospectively is no longer
                    equitable; or

7                    (6) any other reason that justifies relief.

8 Plaintiff's arguments do not fall into any of these categories.

9 Even if they did, the court would not evaluate them differently in

10 the context of a Rule 60(b) motion.

11 **IV. TRANSCRIPTS**

12    28 U.S.C. § 753(f) provides, among other things, that "Fees

13 for transcripts furnished in other proceedings to persons permitted

14 to appeal in forma pauperis shall also be paid by the United States

15 if the trial judge or a circuit judge certifies that the appeal is

16 not frivolous (but presents a substantial question)." Although the

17 court declines to grant a new trial, it appears that plaintiff's

18 appeal is not frivolous.

19    Plaintiff also states that if he is successful on appeal, he

20 will seek criminal and civil charges against the individual jurors.

21 It does not appear that such proceedings are appropriate, or that

22 the jurors' names are needed for plaintiff's appeal. Accordingly,

23 the jurors' names shall be redacted.

24 **V. CONCLUSION**

25    For the reasons stated above, plaintiff's motion for a new

26 trial, Doc. No. 183, and motion for relief from the verdict, Doc.

5

1   No. 183-2, are DENIED.

2       Plaintiff's request for a copy of the trial transcript at the

3   court's expense, Doc. No. 182, is GRANTED.  The court reporter is

4   directed to redact the names of the members of the jury panel from

5   the transcript.  The reporter shall refer to them throughout the

6   transcript by the individual's first and last initials.  If two

7   individuals have the same first and last initials, the court

8   reporter shall also include each individual's middle initial.

9       IT IS SO ORDERED.

10      DATED:  October 16, 2009.

13  LAWRENCE K. KARLTON
    SENIOR JUDGE
14  UNITED STATES DISTRICT COURT